# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RACHEL KELLI WASHINGTON, ) <br> JAMES PRATER, III, as ) <br> Guardian and Next Friend of ) <br> J.P. IV, a minor child, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PAUL WILLIAM RUSSELL, ) <br> UNLIMITED DELIVERIES, LLC ) <br> d/b/a MK-TRUCKING, ) <br> ) <br> Defendants. ) | CASE NO.: 2:22-CV-_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Paul William Russell ("Russell"), who is incorrectly identified in the Complaint as "Brussell Paul William" and Unlimited Deliveries LLC d/b/a/ MK-Trucking ("Unlimited"), who is incorrectly identified in the Complaint as "MK Trucking, Inc." (collectively, "Defendants"), reserving all rights and defenses and without waiver thereof, remove to this Court a civil action originally filed in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, on the following grounds:

I.     **THE COMPLAINT AND REMOVAL**

1. This is a civil action filed on April 20, 2022, in the Circuit Court of Jefferson County, Alabama, bearing case number 01-CV-2022-901159 (the "state-court action") by Plaintiffs Rachel Kelli Washington ("Washington"), James Prater, III ("Prater") individually, and as guardian and next friend of J.P., IV, a minor child ("J.P.") (collectively, "Plaintiffs").

2. This case falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441 because (1) it is a civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) Russell and Unlimited are completely diverse from Plaintiffs.

3. This case arises from a motor vehicle accident that occurred on November 14, 2021, on Interstate-59 in Jefferson County, Alabama. Plaintiffs assert claims against Russell and Unlimited for negligence (Count I) and willful and wanton conduct (Count II), and a claim for negligent/wanton hiring, training, supervision, and retention against Unlimited (Count III). (*See generally* Ex. A, state-court action file, at Doc. 1.)

4. Removal of this action is proper under 28 U.S.C. § 1446(a) because Jefferson County, Alabama, where the state-court action was pending, is located in

the Southern Division of the Northern District of Alabama.  28 U.S.C. § 81(a)(3).  Because the Complaint was filed and currently pending in the Circuit Court of Jefferson County, Alabama, this District is the proper venue for this action upon removal pursuant to U.S.C. § 1441(a).

5.    Plaintiffs perfected service on Russell on April 28, 2022, and the undersigned accepted service of the Complaint on behalf of Unlimited on June 17, 2022. (Ex. A, state-court action file, at Docs. 8, 14.)  Defendants file this Notice of Removal within 30 days of service on Unlimited.  Removal is therefore timely.  *See* 28 U.S.C. § 1446(b)(2)(C).

## II.    DIVERSITY JURISDICTION

6.    Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### B.    Complete Diversity of the Parties

#### i.    Citizenship of the Plaintiffs

7.    The Complaint identifies that all Plaintiffs are "residents" of Jefferson County, Alabama.  (Ex. A, state-court action file, at Doc. 1, at ¶¶ 1.)

8.    Unfortunately, the Complaint does not use the term "citizen" as required for analysis under 28 U.S.C. § 1332.  Nonetheless, "[c]itizenship is

3

equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 239 F.3d 1254, 1257 (11th Cir. 2002) (citing *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972)). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *McCormick*, 293 F.3d at 1257-58 (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

9. In addition to the representations contained in the Complaint filed in the state court action, the accident report lists Washington's address as Birmingham, Alabama 35212.[1] (Ex. B, Accident Report.) Prater and J.P. were passengers in the Plaintiff's motor vehicle and according to the accident report, reside at 7330 Kimberly Ave., Birmingham, Alabama 35206. (Ex. B, Accident Report.) As such, Defendants have established that Plaintiffs have their "true, fixed, and permanent home" in the State of Alabama. Thus, all of the Plaintiffs are Alabama citizens.

    ii. **Citizenship of Russell**

10. Russell was operating the tractor-trailer at the time of the accident.

11. In the Complaint, Plaintiffs allege that Russell is "a resident citizen of the State of Mississippi." (*Id.*, at ¶ 2.)

---

[1] Washington's exact address is unfortunately illegible, but the city and state (Birmingham, Alabama) are not.

12. Furthermore, Russell was personally served with the Complaint at 10887 Highway 494, Meridian, Mississippi 39305. (Ex. A, state-court action file, at Doc. 8.) This is also the same address identified in the accident report. (Ex. B, Accident Report.)

13. Accordingly, Defendants have established by a preponderance of the evidence that Russell's "true, fixed, and permanent home" is in the State of Mississippi. Russell is therefore a Mississippi citizen.

### iii.     Citizenship of Unlimited

14. In the Complaint, Plaintiffs state that, "[Unlimited] is a corporation, and is now, and has been at all times material to this lawsuit doing business in the State of Alabama." (Ex. A, state-court action file, at Doc. 1, ¶¶ 3.) Plaintiffs are mistaken.

15. Unlimited's true legal name is Unlimited Deliveries, LLC. Unlimited does business under the name "MK Trucking." (Ex. C, Declaration of Justin Zarate.) (Ex. D, Mississippi Secretary of State records).

16. Unlimited is a Mississippi limited liability company ("LLC") organized in Jackson, Hinds County, Mississippi. (Exs. C and D.)

17. However, unlike a corporation, "a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam) (quoting *Rolling Greens MHP, L.P. v.*

5

*Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). Therefore, "'to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]'" *Id.* (quoting *Rolling Greens, MHP, L.P.*, 374 F.3d at 1022).

18. Unlimited is a single-member limited liability company with Mike Kalyn as its only member. (Ex. C.) Mr. Kalyn resides at 1853 Hilochee Ridge Rd., Clermont, FL 34714. However, the address identified in the accident report for Unlimited is 517 W. North St. Suite C, Pass Christian, Mississippi 39571. (Ex. B, Accident Report.)

19. Therefore, Unlimited is either a Florida citizen or a Mississippi citizen. In either case, there is complete diversity between Plaintiffs (Alabama citizens) and Defendants (Florida and/or Mississippi citizens).

### B. Amount in Controversy

#### i. The Complaint

20. "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even 'the complaint does not

6

claim a specific amount of damages.'" *Id.* (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)).

21. In this case, all three Plaintiffs claim identical injuries and damages, which are as follows:

> Rachel Kelli Washington, James Prater, III, and [J.P.], IV were caused to be knocked, shocked, strained, sprained, bruised and contused in and about their bodies, they were caused to be temporarily or permanently injured, they were caused to seek medical attention to remedy and cure their injuries, they were caused to expend sums of money in treatment of their injuries, they were caused to suffer emotional distress and mental anguish due to the negligent conduct of the named Defendant, [William Paul Russell] and MK Trucking, Inc.

(Ex. A, state-court action file, at Doc. 1, at ¶¶ 10, 13, and 18) (alteration added).

22. Unfortunately, the Complaint does not provide any specifics concerning the alleged "temporary" or "permanent" injuries, the amount of money expended in treatment of their injuries, or any other details concerning Plaintiffs' alleged emotional distress and mental anguish. Therefore, it is admittedly not "facially apparent" from Plaintiffs' Complaint that the amount in controversy exceeds $75,000.

23. In such cases where it is not facially apparent, the Eleventh Circuit has instructed that "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka*, 608 F.3d at 754-55 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) and James Wm. Moore et al., *Moore's Federal Practice* §

7

107.14[2][g], at 107-86.4 to 107-86.5 ("the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type of evidence that may reveal the amount in controversy is satisfied.")  *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (in determining whether the amount in controversy element has been satisfied, the Court "may rely on evidence put forward by the removing defendant as well as reasonable inferences drawn from that evidence.")  Other evidence establishes, by a preponderance of the evidence, that Plaintiff's claims, more likely than not, exceed $75,000.

    **ii.**    **Other evidence**

        **a.**    **The accident**

24.    This case arises from a motor vehicle accident that occurred on November 14, 2021.  The accident involved a 2021 Kenworth tractor hauling a cargo tank.  (Ex. B, Accident Report at pp. 1, 5.)

25.    The accident occurred on Interstate-59 North at approximately 10:47 p.m.  (*Id.*)  According to the accident report, Russell's tractor-trailer merged into the vehicle occupied by Plaintiffs.[2]  (*Id.*)  Russell's vehicle was traveling 70 miles per hour at the time of the collision, and Plaintiffs' vehicle was traveling 65 miles per

---

[2] In citing to the accident report for purposes of this notice of removal, Defendants do not concede that it is correct, deny any and all liability for the accident, and specifically reserve the right to raises any defenses available at law.

hour. (*Id.*) Plaintiffs' vehicle left the roadway and came to a rest on the side of the Interstate. (*Id.*) Accordingly, it is undisputed that this case involves a high-speed collision between a compact sedan and a commercial vehicle weighing in excess of 26,000 pounds. (*Id.* at p. 1, 5.)

### b.  Washington's injuries[3]

26.  On November 15, 2022, the day after the accident, Washington presented at St. Vincent's Hospital. Washington underwent X-rays on her knee, cervical spine, and chest. (Ex. E, 597.) Washington was diagnosed with cervical strain, contusion to the left knee, and chest wall muscle strain. (Ex. F, 601.)

27.  From November 18, 2021 – January 6, 2022, Washington treated at AlaMed Injury Clinic in Fairfield, Alabama. (Ex. G, 389.) Washington was diagnosed with "acute stress reaction, cervicalgia, dizziness and giddiness, low back pain unspecified, pain in left knee, post-traumatic headache, sleep disruption, and tinnitus bilateral. (Ex. H, 487-491.) Moreover, the history of present illness provides, in part:

---

[3] Defendants address only Washington's injuries herein. However, "when there are multiple plaintiffs in an action … federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount." *Hickerson v. Enter. Leasing Co. v. Georgia, LLC*, 818 F.App'x 880, 883 (11th Cir. 2020) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)). Thus, if Washington's claims exceed the $75,000 jurisdictional threshold, then the remaining Plaintiffs' claims do, too. That said, Prater also demanded $91,882 to settle his claim. (Ex. M, Prater Demand).

> Patient states she's having problems putting on her shoes, dressing herself and putting on her shirt, looking over her right shoulder, household chores, has broken sleep, can't perform her job duties as a hairstylist, standing, walking, lifting, bending and is limited at what she can do with her family all due to the pain from her injuries.

(*Id.*)

28. Washington also underwent neurocognitive testing at AlaMed Neurological on December 7, 2021 and January 11, 2022. (Ex. I, 499.) On December 6, 2021, Plaintiff underwent an MRI procedure, which revealed a "small lateral disc protrusion approaching the L4 root nerve" at L4-L5. (Ex. J, 565.)

29. In total, Washington claims to have incurred $33,127.10 in medical bills.[4] (Ex. K, Breakdown.) *See also Henderson v. Dollar Gen. Corp.*, No. CIV A 07-0799-CG-M, 2009 WL 959560, at *1 (S.D. Ala. Apr. 7, 2009) (finding that $57,328 in medical bills, $9,000 in lost wages, loss of future earnings in an unknown amount, and pain and suffering in an unspecified amount exceed the $75,000 amount in controversy requirement.)

30. On January 28, 2022, Washington's counsel sent a demand to Unlimited's insurance carrier, wherein he demanded payment of $165,635.50 to settle Washington's claims. (Ex. L, Demand.)

---

[4] In addressing Washington's treatment and bills incurred, Defendants do not waive any arguments concerning liability or any of Plaintiffs' alleged damages, including whether any medical bills were paid by a collateral source, the alleged damages were the result of a preexisting infirmity or condition, the injuries were proximately caused by the accident, or that the medical procedures and charges were reasonable and necessary.

31.     The Eleventh Circuit has held "[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).  While courts have acknowledged that settlement offers "commonly reflect puffing and posturing" … "settlement offers that provide 'specific information … to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim and are entitled to more weight.'" *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp. 2d 179, 1281 (S.D. Ala. 2009) (citing *Golden Apple Mgt. Co. v. Geac Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998) (some alteration added)).

32.     In the settlement demand at issue in this case, Plaintiff's counsel delineated Washington's medical expenses and describes her injuries.  While Defendants may not agree with counsel's valuation of Washington's claim, the settlement offer appears to be thoughtful and somewhat reasoned.  And even if the Court were to discount counsel's offer by fifty percent (50%), the settlement demand would still exceed $75,000.

33.     Moreover, Plaintiffs have alleged a wantonness claim and also seek punitive damages.  (Ex. A, state-court action file, at Doc. 1, at ¶¶ 12–13.)  "In determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered … unless it is apparent to a legal certainty that such

11

cannot be recovered."[5] *Blackwell v. Great Am. Fin. Res., Inc.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

34. In light of the foregoing, Defendants have proven by a preponderance of the evidence that Washington's claim, more likely than not, exceeds the $75,000 amount in controversy requirement.

## III. PROCEDURAL NOTICE

35. In conformity with 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal on Plaintiffs. In further compliance with 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Circuit Clerk of Jefferson County, Alabama, promptly after receiving a file-stamped copy of the same from the Clerk of this Court.

Respectfully submitted this the 24th day of June 2022.

/s/ *Jonathan K. Corley*
Attorney for Defendants
Paul William Russell and Unlimited
Deliveries LLC d/b/a/ MK-Trucking

---

[5] Again, Defendants do not concede that punitive damages are warranted in this case, and reserve any and all rights to challenge the same. Instead, Defendants merely point out that punitive damages may be awarded in wantonness claims under Alabama law.

**OF COUNSEL:**
Jonathan K. Corley (COR049)
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
T: (334) 745–7766
F: (334) 745-7766
E: jcorley@wwp-law.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 24th day of June 2022, I filed the foregoing using the CM/ECF system, which will send notification via email to the following counsel of record:

Anthony C. Ifediba
IFEDIBA LAW GROUP, LLC
1220 16th Street South
Birmingham, Alabama 35205
aifediba@ifedibalaw.com

                                                   /s/ Jonathan K. Corley
                                                   Jonathan K. Corley